1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

RE SOURCES FOR SUSTAINABLE )
COMMUNITIES, a non-profit corporation, )      No. 2:09-CV-01022-MJP

11

12                                                     )
   Plaintiff,                                          )      CONSENT DECREE

13                                                     )
          v.                                           )

14                                                     )
AMERICOLD LOGISTICS LLC d/b/a               )

15 AMERICOLD CORP. BURLINGTON,              )

16                                                     )
   Defendant.                                          )

17 _____ )

18

19          WHEREAS, Plaintiff RE Sources for Sustainable Communities filed a Complaint against

20 Defendant Americold Logistics LLC (incorrectly designated as d/b/a Americold Corp.

21 Burlington) on July 20, 2009, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et

22

23 seq., relating to discharges of stormwater from Defendant's facility located in Burlington,

24 Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs

25 ("Complaint");

26          WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged

27 violations; and

28

29 CONSENT DECREE - 1
   No. 2:09-CV-01022-MJP

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act and its National Pollutant Discharge Elimination System Permit No. SO3000591D for its facility; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint or Notice of Intent to Sue ("Notice"), and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.     The recitals set forth above are incorporated herein as if set forth fully below.

2.     This Court has jurisdiction over the parties and subject matter of this action.

3.     The undersigned representative for each party certifies that s/he is fully authorized by the party or parties whom s/he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

4.     This Consent Decree shall apply to, and be binding upon, the parties, and upon

CONSENT DECREE - 2
No. 2:09-CV-01022-MJP

the successors and assigns of the parties. Changes in the organization form or status of a party shall have no effect on its obligations under this Consent Decree.

5. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 310 S. Walnut Street, Burlington, Washington 98233.

6. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and Notice in this case, and all other claims known and unknown existing as of the date of entry of this Consent Decree related to stormwater discharges that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 5 of this Consent Decree.

7. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint or Notice, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint or Notice, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

8. In full and complete satisfaction of the claims covered by the Complaint and Notice filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 6, Defendant agrees to abide by and be subject to the following terms and conditions:

a. Defendant agrees to fully comply with the terms of the NPDES Permit No. SO3000591D, and any successor, modified, or replacement permit (collectively, the "NPDES permit").

b. Defendant agrees that it will undertake a Level Two Response and a Level Three Response ("combined Level Two/Three Response") for zinc, which shall be combined into one document, and prepared in accordance with the Level Two and Level Three

CONSENT DECREE - 3
No. 2:09-CV-01022-MJP

requirements of Condition S4.C. of the current NPDES permit. The combined Level Two/Three

Response shall be completed with the assistance of Defendant's stormwater consultant. The

combined Level Two/Three Response will contain documentation of all source control,

operational control and treatment best management practices ("BMPs") investigated for

reduction of zinc in stormwater, as well as documentation of additional BMPs selected for

implementation, and schedules and schematics for implementation of the selected BMPs.

Defendant agrees that it will select BMPs for the combined Level Two/Three Response that are,

in the professional opinion of Defendant's stormwater consultant, adequate and appropriate to

reduce the amount of zinc in Defendant's stormwater discharge to below current NPDES permit

benchmark levels. Defendant also agrees that the BMPs selected will be consistent with

Washington Department of Ecology's ("Ecology") published stormwater guidance. This

combined Level Two/Three Response will be completed and implemented by November 30,

2009, with documentation of the completion of the Level Two/Three Response sent to Ecology

and Plaintiff at no cost by that date as well.

    c.  Defendant agrees that it will complete a Level Two Response for turbidity

in accordance with Condition S4.C. of the current NPDES permit with the assistance of its

stormwater consultant. This Level Two Response will document investigation of all available

options of source control, operational control and stormwater treatment BMPs to reduce

stormwater turbidity levels to below NPDES permit benchmark values. As part of its Level Two

Response, Defendant agrees that it will implement additional source and operational BMPs

identified as part of this investigation within six months of initiating the Level Two Response.

Defendant agrees that it will select BMPs for the Level Two Response that are, in the

professional opinion of Defendant's stormwater consultant, adequate and appropriate to reduce

CONSENT DECREE - 4
No. 2:09-CV-01022-MJP

the amount of turbidity in Defendant's stormwater discharge to below current NPDES permit

benchmark levels. Defendant also agrees that BMPs selected will be consistent with Ecology's

published stormwater guidance. This Level Two Response will be completed and implemented

by January 7, 2010, with documentation of the completion of the Level Two Response sent to

Ecology and Plaintiff at no cost by that date as well.

        d.      Defendant agrees that it will have its stormwater consultant update its

Stormwater Pollution Prevention Plan ("SWPPP") so as to make it compliant with the

requirements of the current NPDES permit. The updated SWPPP will include on the site map

the lot on Defendant's property where it stores cranberry crates. The updated SWPPP will also

include an evaluation of which BMPs are necessary to provide all known, available, and

reasonable methods of prevention, control and treatment on the lot where Defendant stores

cranberry crates and throughout the facility. In addition, the updated SWPPP will include an

evaluation of any additional BMPs necessary to comply with state water quality standards on the

lot where Defendant stores cranberry crates and throughout the facility. The SWPPP shall be

updated in accordance with this paragraph by November 30, 2009, with a copy forwarded to

Plaintiff at no cost by that date as well.

        e.      Defendant agrees that it will collect a sample of its stormwater discharge

two times each calendar quarter and have it tested for the parameters for which Defendant is

required to test its stormwater discharges under the NPDES permit in effect at the time the

sample is collected. Stormwater samples collected pursuant to this paragraph shall be collected

from the location at which Defendant collects stormwater samples pursuant to its NPDES permit.

Defendant shall collect and test its stormwater discharge according to this schedule starting in the

calendar quarter in which this Decree becomes effective and continuing for a period of one year

CONSENT DECREE - 5
No. 2:09-CV-01022-MJP

or until three consecutive stormwater samples all have results below all applicable NPDES permit benchmarks, whichever occurs sooner.

        f.      Defendant shall, for a period of two years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and Ecology concerning stormwater management, stormwater discharges, and stormwater permitting relating to Defendant's facility. All copies and documentation shall be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the end of each calendar quarter, at no cost to Plaintiff.

        9.      Not later than thirty (30) days after the date of entry of this Decree, Defendant shall make a payment in the amount of $35,000 (THIRTY-FIVE THOUSAND DOLLARS) to the Gages Slough Buffer Restoration and Maintenance project that is described in **Attachment A** to this Decree. Such payment shall be made by check payable to Burlington Parks Foundation and shall bear the notation of "RE Sources v. AmeriCold", and shall be mailed to Burlington Parks Foundation, with a copy mailed simultaneously to Plaintiff.

        10.      Not later than thirty (30) days after the date of entry of this Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $14,589.70 (FOURTEEN THOUSAND FIVE HUNDRED EIGHTY-NINE DOLLARS AND SEVENTY CENTS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Bridget A. Baker-White, in full and complete satisfaction of any claims Plaintiff may have, pursuant to the Complaint and Notice, under the Clean Water Act for fees and costs.

        11.      The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any

CONSENT DECREE - 6
No. 2:09-CV-01022-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 13. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

12. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

13. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate two (2) years and sixty (60) days following its effective date.

14. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

15. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

16. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to RE Sources for Sustainable Communities, North Sound Baykeeper, 2309

CONSENT DECREE - 7
No. 2:09-CV-01022-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Meridian Street, Bellingham, WA, 98225.  Notifications required by this Decree to be made to

Defendant shall be mailed to Americold Logistics LLC, 310 S. Walnut Street, Burlington,

Washington 98233.


Dated and entered this 1st day of February, 2010.


_____

Marsha J. Pechman
United States District Judge


RE SOURCES FOR SUSTAINABLE COMMUNITIES

Signature:      s/Robyn du Pré_____

Title:      Executive Director_____

Dated:      11/03/09_____

AMERICOLD LOGISTICS LLC

Signature:      s/Walt Metz_____

Title:      V.P., General Counsel & Secretary_

Dated:      11/16/09_____


CONSENT DECREE - 8
No. 2:09-CV-01022-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883